**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13730

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANIEL OCHOA,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20674-JLK-1

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Daniel Ochoa, a Florida prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]  After review,[2] we affirm the district court.

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005).  However, a defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  A district court may grant compassionate release if (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, which requires, among other things, that the court determine the defendant is not a danger to the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021); 18 U.S.C. § 3582(c)(1)(A).  When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *United States v. Giron*, 15 F.4th 1343, 1348-50 (11th Cir. 2021).

The district court denied Ochoa's motion for compassionate release pursuant to all three prongs: (1) Ochoa failed to present

---

[1] Ochoa has also filed a "Motion For Judicial Notice," asking us to take judicial notice of a document that he says proves his 2006 conviction used to designate him as a career offender was for attempted armed robbery, not armed robbery.  The motion is DENIED AS MOOT because the true nature of his prior conviction has no bearing on our analysis in this appeal.

[2] We review de novo "whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*

an extraordinary and compelling reason to reduce his sentence; (2) Ochoa failed to demonstrate he is not a danger to the community; and (3) the § 3553(a) factors did not weigh in favor of relief.

In his brief, Ochoa lists under the heading "Statement Of Issues Presented For Review" five issues questioning whether the district court erred when denying his motion for compassionate release in (1) not "complying with the procedures set forth in *Concepcion v. United States*, 597 U.S. 481 (2022)"; (2) classifying his "alleged prior conviction" as an armed robbery; (3) ordering the U.S. Probation Office to respond to his compassionate release motion without first deciding on "the nature and qualification of the allege[d] prior conviction for career offender purposes"; (4) not allowing him an opportunity to reply to the Probation Office's response; and (5) "resorting" to the 18 U.S.C. § 3553(a) factors to deny him compassionate release. Ochoa does not then make any argument as to those listed issues, but instead quotes extensively from his sentencing hearing transcript, interspersing his comments throughout, before then asking us to take judicial notice of *United States v. Taylor*, 596 U.S. 845 (2022), and asserting that he no longer is a career offender because Florida attempted armed robbery is not a "crime of violence" and that he is actually innocent.

When a district court judgment is "based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If an appellant "fails to challenge properly on appeal one of the grounds on

which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* Passing references in the "statement of the case" or "summary of the argument sections of a brief" are not sufficient to properly raise a claim. *Id.* at 681. Passing references in the argument section of the opening brief, mere background references buried within arguments, and conclusory assertions are also not adequate to raise a claim. *Id.* at 682.

Ochoa has abandoned any argument regarding the district court's determination of his dangerousness to the community or the § 3553(a) factors, as he has merely listed issues and has not made any argument nor properly challenged those district court findings on appeal. Because the district court made its decision to deny Ochoa's motion for compassionate release on multiple, independent bases, including the § 3553(a) factors and the determination of his dangerousness under § 1B1.13's policy statement, Ochoa would need to show that all independent bases were wrongly decided to overturn the decision. *See Giron*, 15 F.4th at 1348-50; *Tinker*, 14 F.4th at 1237-38; *Sapuppo*, 739 F.3d at 680-82. Thus, even when Ochoa's filing is liberally construed, his abandonment of those arguments is fatal to his challenge to the district court's denial of his § 3582(c)(1)(A) motion. *See In re Ellingsworth Residential Cmty. Ass'n, Inc.*, 125 F.4th 1365, 1377 (11th Cir. 2025) (stating we liberally construe pro se filings, but we do not have the license to rewrite an otherwise deficient pleading to sustain an action); *United States v. Thomas*, 32 F.4th 1073, 1077 (11th Cir. 2022) ("We may affirm for any reason supported by the record."); *Sapuppo*, 739 F.3d at 680.

Ochoa has abandoned any claimed error in the district court's denial of his motion for compassionate release based on his dangerousness or the § 3553(a) factors. Accordingly, we affirm.

**AFFIRMED.**